```
            THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
                     CAMDEN VICINAGE
```

| | |
|---|---|
| JOSEPH PARISH, <br><br> Plaintiff, <br><br> v. <br><br> MRS BPO, LLC et al., <br><br> Defendants. | Civil No. 19-17234 (RMB/JS) |

**REPORT AND RECOMMENDATION REGARDING**
<u>**DISMISSAL OF PLAINTIFF'S COMPLAINT**</u>

This matter has been raised by defendant MRS BPO, LLC because of <u>pro</u> <u>se</u> plaintiff's failure to comply with this Court's scheduling and discovery Orders. For the reasons to be discussed, it is respectfully recommended that plaintiff's complaint be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b). This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1). The Court makes the following findings in support of this Recommendation.

<u>**Background**</u>

Plaintiff Joseph Parish filed this action on August 27, 2019 against defendants MRS BPO, LLC and John Does 1-10, alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 <u>et</u> <u>seq.</u> <u>See</u> Compl. [Doc. No. 1]. Specifically, plaintiff alleges defendants unlawfully engaged in

1

harassment and abusive tactics in an attempt to collect a consumer debt from an individual unknown to plaintiff. Id. ¶¶ 1, 7-12. Plaintiff further alleges defendants continued to contact him after plaintiff advised defendants the individual was unknown to him and requested the calls cease, and despite defendants informing plaintiff that his number would be removed from defendants' system. Id. ¶¶ 12-14. As a result of defendants' alleged conduct, plaintiff contends he suffered and continues to suffer actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment. Id. ¶¶ 15-16. Defendant MRS BPO, LLC admits to contacting plaintiff to collect a consumer debt but denies engaging in any unlawful conduct. See Answer [Doc. No. 4]. MRS BPO, LLC asserts various affirmative defenses, including any violation of law, which defendant denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error; plaintiff has failed to state a claim upon which relief can be granted; and plaintiff's claims fail, in whole or in part, for lack of standing and/or lack of subject matter jurisdiction because plaintiff has not sustained any cognizable injury or damages. Id. at 3.

On February 24, 2020, plaintiff's counsel moved to withdraw [Doc. No. 14] as plaintiff's attorney under Local Rule 102.1 and

to adjourn the initial conference.[1] Plaintiff's counsel alleged he made several attempts to contact plaintiff since October 14, 2019 by phone, text, email, and certified mail, but plaintiff had not responded or attempted to communicate with counsel since that date. See Mot. Br. at 2-3 [Doc. No. 14-1]. As such, plaintiff's counsel requested to withdraw as counsel for plaintiff under Rule 1.16(b) of the New Jersey Rules of Professional Conduct due to plaintiff's failure to communicate or cooperate in the prosecution of his case. Id. at 3-4. On February 25, 2020, the Court postponed the initial conference pending a disposition on plaintiff's counsel's motion. See Order [Doc. No. 15].

The Court scheduled oral argument on the motion to withdraw on April 6, 2020 and Ordered counsel to serve his motion papers and the Court's Order on plaintiff via regular and certified mail, return receipt requested. See Order, Feb. 26, 2020 [Doc. No. 16]. The Court further Ordered that if plaintiff objected to the motion, plaintiff "shall advise the Court in writing by March 30, 2020, and appear in person at the April 6, 2020 hearing." Id. Counsel

---

[1] The initial conference, scheduled on March 6, 2020 at 11:30 a.m., was originally scheduled to take place on December 11, 2019. See Order, Nov. 19, 2019 [Doc. No. 5]. At the request of the parties, the initial conference was rescheduled twice to January 22, 2020 and February 26, 2020. See Mot. [Doc. No. 9]; Order, Dec. 10, 2019 [Doc. No. 10]; see also Letter, Jan. 14, 2020 [Doc. No. 11]; Order, Jan. 15, 2020 [Doc. No. 12]. Due to a scheduling conflict, the Court rescheduled the initial conference to March 6, 2020. See Order, Jan. 30, 2020 [Doc. No. 13].

submitted a certification [Doc. No. 17] on March 30, 2020 confirming delivery of the Court's Order and counsel's motion to plaintiff on March 2, 2020. Neither plaintiff nor an attorney on plaintiff's behalf advised the Court in writing of any objections to the motion prior to the April 6, 2020 hearing.

Following oral argument on April 6, 2020, the Court granted counsel's motion to withdraw as plaintiff's attorney. See Order [Doc. No. 19]. On April 7, 2020, the Court issued an Order which states in part:

> It is hereby ORDERED an Initial Conference is scheduled . . . on June 15, 2020 at 9:30 a.m. Plaintiff shall appear in person. . . . If plaintiff does not appear in-person it will demonstrate to the Court that plaintiff does not intend to proceed with the case.

Order [Doc. No. 21]. On June 9, 2020, the Court rescheduled the initial conference to take place via telephone on June 16, 2020. See Order [Doc. Nos. 22, 23]. No appearance was made by plaintiff or an attorney on his behalf at the June 16, 2020 teleconference. See Min. Entry [Doc. No. 25].

On September 4, 2020, defendants filed a letter [Doc. No. 27] requesting that, as a result of plaintiff's failure to comply with the Court's Orders, plaintiff's action be dismissed. Defendants allege that plaintiff has failed to respond to discovery requests served on June 25, 2020. See id. Defendants also allege that they have not had any communications with plaintiff and have no way of contacting plaintiff as he has never participated in the action,

4

which necessitated plaintiff's counsel to withdraw. Id. Last, defendants argue it would be inequitable to require them to file a motion for summary judgment under these circumstances. Id.

On September 25, 2020, the Court issued an Order to Show Cause ("OSC") directing plaintiff to respond to defendants' discovery within fourteen (14) days. See OSC [Doc. No. 28]. The Court further Ordered plaintiff to participate in a telephone conference on October 29, 2020 to show cause as to why plaintiff's case should not be dismissed for failure to comply with the Court's Order. Id. The Court also advised plaintiff in its OSC that "[i]f plaintiff does not participate on the call the Court will recommend that plaintiff's case be dismissed." Id. at 1-2. Neither plaintiff nor an attorney on his behalf appeared at the telephone conference on the Court's OSC. See Min. Entry [Doc. No. 29].

**Discussion**

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), if a party fails to obey a discovery Order a court may enter an Order "dismissing the action or proceeding in whole or in part." Dismissal is an "extreme" sanction, reserved for cases where a party has acted in "flagrant bad faith" or "callous disregard of [his or her] responsibilities." Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 643 (1976). The Third Circuit has also recognized that courts have the inherent equitable power to dismiss an action as a sanction for failure to prosecute, contempt of court, or abuse

of litigation practices. See Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1179 n.15 (3d Cir. 1993) (citations omitted).

In determining whether dismissal is an appropriate sanction for violation of a discovery or other Order, courts generally consider the factors outlined in Poulis v. State Farm Fire & Cas., 747 F.2d 863 (3d Cir. 1984). However, such analysis is not always necessary. See Dover v. Digugliemo, 181 F. App'x 234, 237-38 (3d Cir. 2006) ("[A] Poulis analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal."). The Poulis factors to be weighed are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and (6) the meritoriousness of the claim.

Orama v. Boyko, 243 F. App'x 741, 742-43 (3d Cir. 2007) (citing Poulis, 747 F.2d at 868). Whether to dismiss a case is within the Court's discretion. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). No particular Poulis factor is controlling, and dismissal may be granted even if some of the factors are not met. See Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 919 (3d Cir. 1992).

The Court finds an analysis of the six Poulis factors supports a recommendation of dismissal. First, plaintiff carries full personal responsibility for his failure to take part in the case because he is proceeding in this action pro se. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a pro se plaintiff personally responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). This is especially true here because plaintiff did not object to the withdrawal of his former counsel and was Ordered to appear on multiple occasions but failed to do so, despite the Court's warning that plaintiff's failure to appear would demonstrate he did not intend to pursue the case and result in a recommendation of dismissal. Therefore, responsibility for plaintiff's failure to appear and to comply with the Court's Orders cannot be placed on anyone but plaintiff himself.

Second, the prejudice to defendants caused by plaintiff's failure to comply with the Court's Orders supports dismissal. The Third Circuit has instructed that "prejudice is not limited to 'irremediable' or 'irreparable' harm" and "includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Briscoe, 538 F.3d at 259 (internal citation and quotation omitted). "Oftentimes, this type of prejudice involves disputes between the parties on discovery matters because the defendants were deprived of necessary

information." Id.; see Poulis, 747 F.2d at 868 (finding prejudice to defendant where plaintiff filed neither answers nor objections to interrogatories). Here, plaintiff's failure to appear has caused delay, impeded defendants' ability to effectively prepare a full and complete trial strategy, and required defendants to incur unnecessary legal fees. Thus, the Court finds plaintiff's conduct has prejudiced defendants and this factor weighs in favor of dismissal.

Plaintiff's history of dilatoriness in this action also favors dismissal. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citation omitted). Plaintiff has ignored several Court Orders and failed to appear on multiple occasions. At present, plaintiff has not participated in the case for over a year since plaintiff's former counsel last had contact with him on October 14, 2019. Thus, the record demonstrates that plaintiff has a well-documented history of dilatoriness and noncompliance with the Court's Orders which weigh in favor of dismissal. In fact, there is no indication in the record that plaintiff wishes to pursue the case.

Plaintiff's conduct in this case, or lack thereof, has been willful, which weighs in favor of dismissal. Plaintiff's willful

failure to participate in this litigation is manifest as evidenced by the withdrawal of his former counsel, which plaintiff did not oppose, and plaintiff's refusal to respond to the Court's Orders. Plaintiff's willful neglect of the Court's Orders directing him to respond to defendants' discovery and appear in-person demonstrates a disregard for the Court's authority.

Because plaintiff has repeatedly ignored the Court's Orders, the Court finds that dismissal is the only effective sanction. Plaintiff has been afforded ample opportunity to show cause for his actions but has failed to do so. The Court foresees no prospect that giving plaintiff another chance to appear would elicit a change of behavior.

Last, the Court considers whether plaintiff's claims or defendants' defenses are meritorious. As the Poulis Court noted, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70. It is unclear to the Court at this time whether plaintiff's claims or defendant MRS BPO, LLC's defenses have merit. Nevertheless, the Court finds a balance of the Poulis factors favor dismissal. See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988) ("Not all of [the Poulis] factors need be met for a district court to find dismissal is warranted."); Pak-Vak Sys. v. T&S Products, C.A. No. 05-3518 (FSH), 2006 WL 2844149,

9

at *1 n.1 (D.N.J. Sept. 6, 2006), adopted by C.A. No. 05-3158 (SRC), 2006 WL 2844162, (D.N.J. Oct. 3, 2006)(concluding dismissal was warranted without any finding as to a meritorious defense because prejudice to defendant was clear due to plaintiff's failure to comply with Court Orders).

The Court recognizes that dismissal of a complaint is reserved for the most extreme cases. Poulis, 747 F.2d at 867-88. However, this relief is appropriate here. Plaintiff willfully refuses to comply with and repeatedly ignores the Court's Orders. It is evident plaintiff's actions manifest his intention not to pursue the case. This being the case, there is no lesser alternative sanction than to dismiss plaintiff's claims.

**Conclusion**

Accordingly, and for the foregoing reasons, it is this 30th day of October 2020, respectfully recommended that plaintiff's complaint be dismissed. Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(c)(2), the parties shall have fourteen (14) days from the date of this Order in which to file any objections with the Court.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge